**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1582

_____

AURELIA ALEJANDRES SANTACRUZ;
WILBER SOLORIO ALEJANDRES,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(A209-167-344 & A209-167-345)
Immigration Judge: John B. Carle

_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2022

Before:  KRAUSE, PHIPPS, *Circuit Judges* and STEARNS*, *District Judge.*

(Filed: June 23, 2022)

_____

OPINION**

_____

---

* Honorable Richard G. Stearns, United States District Court Judge for the District of Massachusetts, sitting by designation.

** This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

STEARNS, *District Judge.*

Petitioners Aurelia Alejandres Santacruz and her minor son, who are natives and citizens of Mexico, arrived in the United States in June of 2016 without valid entry documents. They now appeal a final removal order of the Board of Immigration Appeals. We have jurisdiction under 8 U.S.C. § 1252(a). We review the Board's legal conclusions *de novo*, *see Cheruku v. Att'y Gen.*, 662 F.3d 198, 202 (3d Cir. 2011), and "we must regard all determinations about facts grounding the final order as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Mendoza-Ordonez v. Att'y Gen.*, 869 F.3d 164, 169 (3d Cir. 2017) (quoting 8 U.S.C § 1252(b)(4)(B)).

The petition arises against the backdrop of a power struggle between two drug cartels based in the Michoacán State— La Familia Michoacán and Jalisco Nueva Generacion—battling for control of the drug trade in the area where petitioner lived before coming to the United States. Petitioner Alejandres had joined El Timbrichi, a ranching collective consisting of some two hundred farming households. On June 9, 2016, Alejandres witnessed a deadly shootout between members of the rival gangs. Although Alejandres was not personally threatened (nor were members of her family), she feared for her continuing safety. She left for the United States with her son and applied for asylum, claiming that she was being persecuted by partisans of the Jalisco gang, with the acquiescence of the Mexican government, because of her membership in a social group, El Timbrichi. She also sought withholding of removal, and relief under the Convention Against Torture (CAT).

2

The Board determined that Alejandres's experience, while "regrettable," did not rise to the level of persecution. App. 19. Further, to the extent that the ranching community constituted a social group, she was unable to establish that her membership in the collective was "at least one central reason" for her fear of harm. The Board found that there was no evidence that "either of the rival groups intended then or now . . . to specifically harm [Alejandres] . . . ." *Id.* The Board also concluded that she had not established that she and her son could not safely relocate to another area of Mexico, as her mother and in-laws were living safely elsewhere in the country. Finally, the Board deemed that petitioners had waived their CAT claim.

Alejandres contends in general terms that the Board "overlooked the law and evidence" in rejecting her asserted fear of future persecution and in determining that membership in El Timbrichi was not "at least one central reason" for her fear of persecution.[1] Appellant's Br. 12–13. To be eligible for asylum, a petitioner bears the burden to "demonstrate either (i) proof of past persecution, or (ii) a well-founded fear of future persecution in [their] home country 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sesay v. Att'y Gen.*, 787 F.3d 215, 218–19 (3d Cir. 2015) (quoting 8 U.S.C. § 1101(a)(42)). Applicants seeking withholding of removal must also carry the heavier burden of establishing that they would "more likely than not" be persecuted on account of a protected characteristic.

---

[1] Alejandres and her son do not substantively challenge the Board's determination that they did not suffer past persecution and that they could safely relocate to another area of Mexico.

3

*Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021). In either case, the "protected

characteristic must be 'or will be at least one central reason' for [the] persecution." *Id.* at

142 (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

> "For a protected characteristic to qualify as 'one central reason', it must be
> an essential or principal reason for the persecution." *Gonzalez-Posadas* [*v.
> Att'y Gen.*], 781 F.3d [677,] 685 [(3d. Cir. 2015)]. As a result, neither
> asylum nor withholding of removal may be granted "when the
> characteristic at issue 'played only an incidental, tangential, or superficial
> role in persecution.'" *Id.* (quoting *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124,
> 130 (3d Cir. 2009)). The characteristic "must be *both* a but-for cause of
> [the] persecution *and* it must play more than a minor role that is neither
> incidental nor tangential to another reason for the harm or a means to a non-
> protected end." *Matter of A-B-*, 28 I. & N. Dec. 199, 211 (A.G. 2021).

*Id.* at 142-43. We see no error in the Board's finding of facts or application of law.

Alejandres does not identify any evidence in the record that reflects that she was a target

rather than an adventitious spectator of the gun battle between rival gang members, or

that her membership in El Timbrichi was a but-for cause of any persecution. *See*

*Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 609 (3d Cir. 2011) ("There must be

evidence that the gang knew of his political opinion and targeted him because of

it. However, there is no such evidence here.").

Alejandres also faults the Board for not considering the evidence that the Mexican

government would not protect her from future torture if she and her son are removed.

Applicants for relief under CAT must establish that "that it is more likely than not that

[they] would be tortured if removed to the proposed country of removal." *Sevoian v.

Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

> Torture, under the regulations, is defined as acts done "by or at the
> instigation of or with the consent or acquiescence of a public official or

other person acting in an official capacity," by means of which "severe pain and suffering, whether physical or mental, is intentionally inflicted" for purposes such as obtaining confessions, punishment, intimidation or coercion.

*Id.* (quoting 8 C.F.R. § 208.18(a)(1)). Alejandres does not address the Board's rejection of her CAT claim on grounds of waiver. Even putting aside the procedural default, given the Board's unchallenged determination that her experience does not rise to the level of persecution and that she has available the avenue of safe relocation to another area of Mexico, the record does not establish that she and her son would "more likely than not" be tortured if returned to Mexico.

For the foregoing reasons, we will deny the petition for review.

5